# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3610

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jesse Lamond Jones,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 15, 2012
Filed: August 27, 2012
[Unpublished]

_____

Before MURPHY, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury found Jesse Jones guilty of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The

district court[1] sentenced Jones to 300 months' imprisonment. Jones appeals the denial of his pretrial motion to suppress evidence, his conviction, and his sentence. We affirm.

I.

This case arises out of a search warrant conducted at a trailer belonging to Sarah Johnson in St. Cloud, Minnesota on May 10, 2010. Police suspected Jones in a string of shootings that occurred in St. Cloud between April 23 and May 10, 2010, and their investigation led them to Johnson's trailer.

During several hours of surveillance at the trailer, an officer observed Jones leave the trailer to smoke a cigarette. Police contacted Johnson, who was not at the trailer, and she informed police that there was a loaded 9 millimeter handgun in the trailer. After Johnson returned to the trailer and urged Jones to come outside, Jones voluntarily surrendered to officers. Police then arrested him on an outstanding warrant.

While the surveillance was ongoing, police obtained a warrant to search the trailer. Officers executed the warrant after Jones's arrest. Inside the trailer, officers recovered a handgun that was missing its magazine. Forensic testing later confirmed that casings recovered from the shootings in St. Cloud had fired from that weapon, and that DNA on the handgun came from a single profile matching Jones's.

Jones was charged with unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Jones moved to suppress the evidence collected from searching the trailer on the ground that the

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

search warrant was not supported by probable cause. He also moved to dismiss the indictment on various constitutional grounds. The district court, adopting the report and recommendation of a magistrate judge,[2] denied the motions.

A jury found Jones guilty, and the district court sentenced him to 300 months' imprisonment. Although the statutory maximum term for a felon in possession is ten years, 18 U.S.C. § 922(g), Jones qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), and the statutory maximum term of imprisonment was thus increased to life imprisonment.

II.

Jones argues that the district court should have suppressed the firearm seized from Johnson's trailer, because the search warrant affidavit was not supported by probable cause. He complains that the affidavit was based largely upon information from an unreliable source, and that it lacked sufficient evidence connecting him to the trailer. In evaluating a district court's denial of a motion to suppress, we review its factual determinations for clear error and its legal conclusions *de novo*. *United States v. Lynch*, 322 F.3d 1016, 1017 (8th Cir. 2003).

The issuing magistrate had "a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). The affidavit recounted statements of Michael Thomas Smith, who admitted that he was present in a vehicle with Jones at the scene of one of the shootings in St. Cloud, and identified Jones as the shooter. Smith's statements bore indicia of reliability. The police interviewed Smith in person, and Smith reported his first-hand observation of Jones's role in the shooting.

---

[2]The Honorable Arthur J. Boylan, Chief United States Magistrate Judge for the District of Minnesota.

The affidavit also contained evidence establishing "a fair probability that contraband or evidence of a crime" would be found in Johnson's trailer. *Gates*, 462 U.S. at 238. Smith stated that Jones possessed a firearm, and "individuals who possess firearms tend to keep them for long periods of time." *United States v. Neal*, 528 F.3d 1069, 1074 (8th Cir. 2008). The affidavit recounted that police had observed Jones smoking outside Johnson's trailer that morning, and that he was inside the trailer at the time the affidavit was sworn. There was thus ample basis for issuance of the warrant.

Jones seeks to overturn his conviction on the grounds that Congress exceeded its power under the Commerce Clause in enacting § 922(g)(1), and that § 922(g)(1) impermissibly infringes on his rights under the Second Amendment. These arguments are foreclosed by circuit precedent. *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011).

Jones challenges his sentence on several grounds. We review the district court's application of the sentencing guidelines *de novo* and its factual determinations for clear error. *United States v. Williams*, 627 F.3d 324, 327 (8th Cir. 2010).

Jones first argues that the district court unconstitutionally increased the statutory maximum punishment for his offense above ten years' imprisonment when it classified him as an armed career criminal without findings by a jury concerning his prior convictions. This argument is foreclosed by precedent holding that the fact and nature of prior convictions may be determined by the court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *United States v. Sherman*, 440 F.3d 982, 991 (8th Cir. 2006). His constitutional challenge to the court's enhancement of his offense level under the sentencing guidelines also fails, because the guidelines are merely advisory. *United States v. Howell*, 606 F.3d 960, 963 (8th Cir. 2010).

Jones next contends that the district court, in applying USSG § 4B1.4(b)(3)(A), failed to make adequate findings that he possessed the firearm in connection with a crime of violence. The district court did find, however, that "[t]he use of the firearm . . . was part of the proof at trial of the offense of conviction." This finding was sufficient to permit meaningful appellate review, and we conclude that there was no clear error. There was sufficient evidence tying Jones to the shootings in St. Cloud. This evidence included testimony of Troy Chauvin that he drove Jones to the scene of the shootings, heard gunshots, and witnessed Jones "wiping down" the handgun on May 10. A forensics expert testified that the shell casings collected at the crime scenes were fired from Jones's weapon.

Jones also argues that his sentence of 300 months' imprisonment is substantively unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and accord a presumption of reasonableness to a sentence within the advisory guidelines range. *United States v. Smith*, 656 F.3d 821, 826 (8th Cir. 2011). The district court sentenced Jones in the middle of the advisory range, and we see no compelling reason why the court was required to impose a shorter term of imprisonment.

\* \* \*

The judgment of the district court is affirmed.

_____