# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1874

_____

United States of America

*Plaintiff - Appellee*

v.

Arthur Lee Starks, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 12, 2016
Filed: December 28, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and SMITH, Circuit Judges.

_____

PER CURIAM.

Arthur Lee Starks, Jr. pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals from his sentence of 80 months'

imprisonment, arguing that the district court[1] erroneously calculated his offense level under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines Manual (U.S.S.G. or Guidelines) because his underlying Arkansas conviction for domestic battering in the third degree was not a "crime of violence" within the meaning of that section. He also argues that his sentence is substantively unreasonable because the district court considered an improper factor in varying upward from the Guidelines range. We affirm.

The presentence report (PSR) calculated Starks's advisory sentencing range under the 2014 version of the Guidelines. The PSR determined that Starks had a total criminal history score of 10 and thus that his criminal history category was V. The PSR also determined that the base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A), because Starks committed the felon-in-possession offense after sustaining a felony conviction for a crime of violence, namely, a 2008 Arkansas conviction for domestic battering in the third degree, second offense, in violation of Arkansas Code Annotated § 5-26-305. The PSR recommended a 2-level reduction for acceptance of responsibility. The district court adopted the PSR and granted a 3-level reduction for acceptance of responsibility. Based on a total offense level of 17 and a criminal history category of V, the district court calculated an advisory sentencing range of 46 to 57 months. The district court varied upward from the Guidelines range and imposed a sentence of 80 months, giving the following explanation:

> The justification for my upward variance from the guideline range is Mr. Starks' consistent and violent criminal history. It is to protect the public from the situation that now Mr. Starks is in possession of a firearm which, in the Court's opinion, will escalate that future danger to the public as well as to his family. It's also to address his needs for his alcohol problems and perhaps his mental health needs.

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

-2-

Starks first argues that the district court committed procedural error in calculating his Guidelines range because Arkansas Code Annotated § 5-26-305 does not qualify as a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A). "We review de novo a district court's interpretation and application of the guidelines." United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016). As relevant here, the Guidelines define a "crime of violence" as an offense that is punishable by more than one year's imprisonment and that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a).[2] "To determine whether a prior conviction was for a crime of violence, 'we apply a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction.'" Rice, 813 F.3d at 705 (quoting United States v. Dawn, 685 F.3d 790, 794 (8th Cir. 2012)). "If the statute of conviction is divisible in that it encompasses multiple crimes, some of which are crimes of violence and some of which are not, we apply a modified categorical approach to 'look at the charging document, plea colloquy, and comparable judicial records' for determining which part of the statute the defendant violated." Id. (quoting Dawn, 685 F.3d at 794-95). "We then determine whether a violation of that statutory subpart is a crime of violence." Id.

The district court did not err in determining that Starks's 2008 third-degree domestic battering conviction was for a crime of violence. At the time of conviction, Arkansas Code Annotated § 5-26-305 provided:

(a) A person commits domestic battering in the third degree if:

---

[2]This definition is the "force clause" of the "crime of violence" definition. U.S.S.G. § 4B1.2(a) also defines as a crime of violence any offense punishable by more than one year's imprisonment that either qualifies as one of certain enumerated offenses or falls within the "residual clause." Because we conclude that the underlying Arkansas conviction in this case falls within the force clause, we do not consider the residual clause.

(1) With the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member;

(2) The person recklessly causes physical injury to a family or household member;

(3) The person negligently causes physical injury to a family or household member by means of a deadly weapon; or

(4) The person purposely causes stupor, unconsciousness, or physical or mental impairment or injury to a family or household member by administering to the family or household member, without the family or household member's consent, any drug or other substance.

Because this statute is divisible we apply the modified categorical approach. See United States v. Eason, 829 F.3d 633, 642 (8th Cir. 2016) (determining that Arkansas Code Annotated § 5-26-305 is divisible in a case under the Armed Career Criminal Act). The felony information from Starks's underlying conviction alleged that Starks "with the purpose of causing physical injury to a family or household member, did cause physical injury to [the victim], a family or household member." Reviewing the felony information at the sentencing hearing, the district court determined that "Mr. Starks was being charged under[] Arkansas Code Annotated 5-26-305, and it appears further from the information that it was under paragraph (a)(1)." The record thus establishes that Starks was convicted of violating subsection (a)(1) of § 5-26-305. The only remaining question, then, is whether subsection (a)(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Our precedent establishes that subsection (a)(1) falls within the force clause of U.S.S.G. § 4B1.2(a). In Rice, we held that a subsection of the Arkansas second-degree battery statute was a crime of violence. That subsection provided that a person

-4-

commits second-degree battery if the person "intentionally or knowingly, without legal justification, causes physical injury to one he knows to be" a member of certain enumerated groups. Rice, 813 F.3d at 705. We reasoned that the defendant's conviction under this statute "includes the use of violent force as an element 'since it is impossible to cause bodily injury without using force "capable of" producing that result.'" Id. at 706 (quoting United States v. Castleman, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring)). And in United States v. Vinton, we held that a subsection of a Missouri assault statute "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another" because the subsection covered cases in which a person "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument." 631 F.3d 476, 485-86 (8th Cir. 2011). Starks argues that physical force is not an element of § 5-26-305(a)(1) because it is possible to cause bodily injury intentionally without using physical force, and that other circuit courts that have considered the issue have come to that conclusion. But we considered these arguments in Rice, and still held that the offense in question was a crime of violence. See 813 F.3d at 706. Accordingly, under our precedent, Arkansas Code Annotated § 5-26-305(a)(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" and is thus a crime of violence under U.S.S.G. § 4B1.2(a).

We see no reason to depart from our precedent in this case. "Although one panel of this court ordinarily cannot overrule another panel, this rule does not apply when the earlier panel decision is cast into doubt by a decision of the Supreme Court." United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008) (emphasis removed) (quoting Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 838 (8th Cir. 1997)). Starks contends that Mathis v. United States, 136 S. Ct. 2243 (2016), supports his argument that Arkansas's domestic battering statute is broader than the "crime of violence" definition set forth in U.S.S.G. § 4B1.2(a). In Mathis, the Supreme Court held that a defendant's prior convictions under an Iowa burglary

statute were not "crimes of violence" under the Armed Career Criminal Act because the Iowa statute was broader than the generic offense of burglary in the Armed Career Criminal Act. The Court emphasized that in determining whether a prior conviction was for a "crime of violence," courts must look to the elements of the offense, not the factual means by which an offense may be committed, even if the statute of conviction lists alternative factual means. The Iowa burglary statute reached "any building, structure, [or] land, water, or air vehicle," but the generic offense of burglary covers only a "building or other structure." Id. at 2250 (emphasis removed). The Court concluded that the locations listed in the Iowa statute "are not alternative elements, going toward the creation of separate crimes," but instead "they lay out alternative ways of satisfying a single locational element." Id. The Court based its conclusion largely on a decision of the Iowa Supreme Court, but it also instructed that "if state law fails to provide clear answers," courts may look to the record materials, such as "indictments, jury instructions, plea colloquies and plea agreements" to determine whether the statute describes separate crimes or merely different ways of committing the same crime. Id. at 2256-57, 2257 n.7.

Mathis does not affect this case, because § 5-26-305 sets forth "alternative elements," not merely "alternative ways of satisfying a single [] element." Id. at 2250. The statute clearly delineates alternative elements, and the judicial record establishes that Starks was charged under subsection (a)(1). Accordingly, application of the modified categorical approach was proper, and, applying that approach as discussed above, a violation of subsection (a)(1) constitutes a crime of violence.

Starks also argues that Voisine v. United States, 136 S. Ct. 2272 (2016), supports his position that Arkansas Code Annotated § 5-26-305 does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." Starks points to an example used by the Court, in which it stated that letting a door slip while trying to hold it is not the "use" of force, even though the

-6-

result is that the door catches someone's fingers, but slamming a door with someone following close behind is the "use" of force, whether the door was slammed with the certainty that someone's fingers would be caught or with only the awareness that catching someone's fingers was very likely. Id. at 2279. But the Court offered this example to support its holding that a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9) includes an offense committed recklessly. See id. ("Once again, the word 'use' does not exclude from § 922(g)(9)'s compass an act of force carried out in conscious disregard of its substantial risk of causing harm."). Because Voisine concerned the *mens rea* required for a "use" of force, it does not affect this case, in which subsection (a)(1) of § 5-26-305 requires the purpose of causing injury to a family or household member.

Starks also alleges that his sentence is substantively unreasonable because the district court impermissibly based its upward variance on the need to address Starks's alcohol-treatment and mental-health needs, in violation of Tapia v. United States, 564 U.S. 319 (2011). Because Starks did not object on this basis before the district court, we review for plain error, under which "the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Blackmon, 662 F.3d 981, 986 (8th Cir. 2011). The district court justified the sentence based on Starks's "consistent and violent criminal history," as well as the need to protect his family and the public from the danger he poses by possessing a firearm. The district court then noted that its sentence was "also to address his needs for his alcohol problems and perhaps his mental health needs." We acknowledge that the district court's statement can be read as going beyond merely "discussing the opportunities for rehabilitation within prison," id. at 987 (quoting Tapia, 564 U.S. at 334), and we are reminded that Tapia forecloses district courts from imposing or lengthening a sentence to promote rehabilitation or facilitate a defendant's participation in a treatment program. Nevertheless, assuming that the district court erroneously considered Starks's needs for alcohol and mental-health treatment in imposing the sentence, Starks has not shown that he would have received a different sentence

absent such error.  See id. at 987 ("[W]here the effect of the error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." (quoting United States v. Pirani, 406 F.3d 543, 553 (8th Cir. 2005) (en banc))); see also United States v. Pickar, 666 F.3d 1167, 1169-70 (8th Cir. 2012) (citing Blackmon and holding no plain error in part because proper sentencing factors were dominant).  Having failed to show that any error affected his substantial rights, Starks has thus not shown plain error.

The judgment is affirmed.

_____