# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-1402

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marcus Lamont Eason

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

———————

Submitted: January 12, 2018
Filed: May 25, 2018

———————

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

———————

LOKEN, Circuit Judge.

A jury convicted Marcus Lamont Eason of two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 3147(1). At sentencing the district court[1] determined that Eason had

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

at least three prior convictions for a violent felony or serious drug offense, making him subject to sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The court determined that his advisory guidelines sentencing range was 262-327 months imprisonment and imposed a 300-month sentence. Eason timely appealed. With the appeal pending, the Supreme Court decided Johnson v. United States, which invalidated the "residual clause" of the ACCA. 135 S. Ct. 2551, 2557 (2015). We affirmed Eason's conviction but, in light of Johnson, vacated his sentence and remanded for resentencing because the record did not establish that, without the residual clause, he had at least three prior ACCA predicate convictions. United States v. Eason, 829 F.3d 633, 640-42 (8th Cir. 2016).

On remand, the district court reopened the sentencing record. The government introduced state court records addressing whether Eason's 2006 convictions for third degree domestic battery under Ark. Code Ann. § 5-26-305, and first degree battery under Ark. Code Ann. § 5-13-201, are violent felonies under the ACCA's force clause. The district court considered this evidence, applying the modified categorical approach used to determine whether violations of these divisible statutes constitute violent felonies for ACCA purposes. See United States v. Parrow, 844 F.3d 801, 802 (8th Cir. 2016). The court again concluded that Eason is an armed career criminal with a 262-327 month advisory guidelines range. Taking into account his rehabilitative conduct after the initial sentence, the court imposed a reduced 262-month sentence. Eason appeals, raising three sentencing issues. We affirm.

## I. Reopening the Sentencing Record

At the original sentencing, Eason objected to the ACCA's residual clause as unconstitutionally vague but conceded that he qualified as an armed career criminal if the residual clause was valid. The district court overruled his objection to the residual clause and determined that Eason's Arkansas robbery and battery convictions were ACCA violent felony predicates, without explaining whether it was ruling under

the residual clause, the force clause, or both. On appeal, Eason conceded his conviction for delivery of cocaine was an ACCA predicate drug offense. We concluded that his conviction for robbery under Ark. Code Ann. § 5-12-102 did not qualify under the force clause as construed in Johnson v. United States, 559 U.S. 133, 140 (2010). Eason, 829 F.3d at 641-42. Thus, whether Eason has three ACCA predicate convictions turned on whether his Arkansas convictions for third degree domestic battery and first degree battery are violent felonies under the ACCA force clause. We remanded for resentencing because the record did not include state court judicial records establishing which subdivision of the Arkansas third degree domestic battery statute Eason violated. Id. at 642, 642 n.8.

On appeal, Eason argues the district court erred in allowing the government to supplement the record at resentencing with state court judicial records establishing that his prior third degree domestic battery conviction was for a violation of Ark. Code Ann. § 5-26-305(a)(1), and his first degree battery conviction was for a violation of Ark. Code Ann. § 5-13-201(a)(8). Our remand did not instruct the district court whether it could or could not reopen the record. Id. at 642. The law in this circuit is well established:

> Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing. The sentencing court must, however, adhere to any limitations imposed on its function at resentencing by the appellate court.

United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992) (citations omitted); see United States v. Dunlap, 452 F.3d 747, 749-50 (8th Cir. 2006) ("Because nothing in our original remand order precluded the government from presenting its evidence at resentencing, we cannot say that the district court erred in allowing it to do so.").

-3-

Ignoring these controlling authorities, Eason relies on cases where, in remanding for resentencing, we did direct the district court not to reopen the record. In these cases, we focused on whether the government and the district court had relied on a mistaken understanding of the governing sentencing principles and, in particular, whether we deemed the government's failure of proof at the initial sentencing to be excusable. See United States v. Dawn, 685 F.3d 790, 798 (8th Cir. 2012); United States v. Williams, 627 F.3d 324, 329 (8th Cir. 2010); United States v. King, 598 F.3d 1043, 1050 (8th Cir. 2010). When we have not given this direction, the district court "can hear any relevant evidence . . . it could have heard at the first hearing." Cornelius, 968 F.2d at 705. Whether to allow either party to expand the sentencing record is of course an exercise of the court's substantial evidentiary discretion.

Here, the district court carefully considered whether to reopen the record to admit state court records relevant to the force clause question. The court noted that Eason's resentencing took place in light of significant changes in the law that now required the government to establish that Eason's prior battery convictions were violent felony predicates under the force clause. "It did not occur to me that the residual clause would be declared void for vagueness because other courts had upheld it," the court explained. The court concluded it was appropriate to reopen the record because this change in the law obliged it "to consider evidence that I didn't think I had to consider before." This ruling was not an abuse of the court's discretion.

## II. The Force Clause Issues

Even assuming the record was properly reopened on remand, Eason argues the district court erred in ruling that his 2006 convictions for third degree domestic battery under Ark. Code Ann. § 5-26-305(a)(1), and first degree battery under Ark. Code Ann. § 5-13-201(a)(8), are violent felonies under the ACCA's force clause. Reviewing this issue *de novo*, we disagree. The force clause defines violent felonies to include "any crime punishable by imprisonment for a term exceeding one year . . .

-4-

that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the word "force" as meaning "*violent* force -- that is, force capable of causing physical pain or injury to another person." Curtis Johnson, 559 U.S. at 140. However, the force required is "only that degree of force necessary to inflict pain -- a slap in the face, for example." Id. at 143.

Eason's conviction for third degree domestic battery was a violation of § 5-26-305(a)(1) of the Arkansas Code: "(a) A person commits domestic battering in the third degree if: (1) With the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member." In United States v. Starks, 674 Fed. Appx. 580, 582 (8th Cir. 2016), decided after our remand in Eason, we held that third degree domestic battery in violation of Ark. Code Ann. § 5-26-305(a)(1) is a violent felony under the force clause. Accord United States v. Moore, 713 Fed. Appx. 511, 514 (8th Cir. 2017).

Eason's conviction for first degree battery was a violation of § 5-13-201(a)(8) of the Arkansas Code: "(a) A person commits battery in the first degree if . . . (8) With the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a firearm." According to the charging document, confirmed by the plea hearing transcript, Eason was charged with purposefully causing physical injury to a person with a firearm. In United States v. Winston, 845 F.3d 876, 878 (8th Cir 2017), we held that second degree battery in violation of Ark. Code Ann. § 5-13-202(a)(2) is a violent felony, concluding that "[p]hysical force means force capable of causing physical pain or injury to another person . . . and it is impossible to cause bodily injury without using force 'capable of' producing that result."

These prior decisions are controlling and establish that Eason's battery convictions were violent felony convictions under the ACCA force clause. Eason

argues that other circuits distinguish between the infliction of physical injury and the use of physical force, but our decision to the contrary in <u>Winston</u> is controlling. He further argues that either statute could be violated without the use of violent physical force, such as by poisoning, or with the use of minor force, such as inflicting a bruise. However,"the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, involves the use, attempted use, or threatened use of physical force against the person of another." <u>United States v. Pyles</u>, No. 17-2116, slip op. at 3 (8th Cir. 2018) (quotation omitted). Eason has not cited, and we have not found, any Arkansas case in which the defendant was charged with violating either statute by the use of non-violent force. "Before we conclude that a state statute sweeps more broadly than the federal definition of violent felony, there must be a realistic probability, not a theoretical possibility, that the statute encompasses conduct that does not involve the use or threatened use of violent force." <u>United States v. Swopes</u>, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (quotation omitted).

## III. An Issue First Raised on Appeal

When a defendant is sentenced as an armed career criminal, U.S.S.G. §§ 4B1.4(b)(3)(A) & 4B1.4(c)(2) enhance his advisory guidelines range by increasing the base offense level from 33 to 34 and the Criminal History Category from IV to VI if he used or possessed the firearm or ammunition in connection with a crime of violence as defined in U.S.S.G. § 4B1.2. Eason's Presentence Investigation Report recommended these enhancements, noting a terroristic threatening charge pending in state court regarding his firearm possession offense, and noting that police responded to an aggravated assault in connection with the ammunition possession offense.

On appeal, Eason argues for the first time the district court erred in imposing these enhancements because Arkansas convictions for terroristic threatening and aggravated assault are not, categorically, crimes of violence under U.S.S.G. § 4B1.2(a). We review this seriously defaulted claim, if at all, for plain error. We

held that terroristic threatening is a violent felony in <u>United States v. Boaz</u>, 558 F.3d 800, 807 (8th Cir. 2009). We need not consider Eason's contention that <u>Boaz</u> was overruled by the Supreme Court's decision in <u>Curtis Johnson</u>.

Determining under § 4B1.4(b)(3)(A) whether defendant used or possessed the unlawfully possessed firearm in connection with a crime of violence is the same inquiry as whether he warrants a § 2K2.1(b)(6)(B) enhancement because he used or possessed the firearm in connection with another felony offense. <u>United States v. Howard</u>, 413 F.3d 861, 865 (8th Cir. 2005). This is not a categorical inquiry; it turns on the facts of defendant's offense of conviction. Here, as Eason did not contest the enhancement at sentencing, the district court did not identify a specific crime of violence as a basis for the enhancement. But this was not error, much less plain error, if the facts surrounding the offense of conviction support a charge that Eason's firearm or ammunition possession was in connection with conduct that constituted a crime of violence. <u>See</u> <u>United States v. Pate</u>, 854 F.3d 448, 452 (8th Cir. 2017); <u>United States v. Daniels</u>, 625 F.3d 529, 534 (8th Cir. 2010).

For this inquiry, our review of the facts need look no farther than excerpts from our prior opinion, <u>Eason</u>, 829 F.3d at 635-36:

"On June 16, 2012, in North Little Rock, Arkansas, Eason was involved in a domestic incident with his then-girlfriend, Sheila Noble. Noble's mother reported the disturbance to the police, and then called again to report that Eason was 'shooting up' behind her house. . . . Police Sergeant Terry Kuykendall heard the dispatch and soon spotted Eason walking and carrying a black t-shirt in his left hand. . . .

"Kuykendall stopped Eason, patted him down, and waited for backup. After backup arrived, Kuykendall searched the area where he believed Eason had thrown something and found a .45-caliber pistol lying on the ground in the path where Eason had been walking. Later, Kuykendall also found two .45-caliber shell casings in the

area of the reported shooting, which he deemed to be from a gun like the one he had recovered.

"On April 9, 2013, while on pretrial release, Eason was involved in an incident at the residence of Hiawatha Williams . . . . Eason was engaged to Williams's daughter, Erica Davis, and he and Davis had a dispute. When Williams saw that Eason had a firearm, he ran next door and borrowed a .380 pistol. Williams returned to his home and fired a warning shot, which hit the ceiling immediately above him on the front porch. . . . Eason then left the residence. As Williams returned to his bedroom, he heard a shot fired. Although he did not see the shooter, Williams believed it was Eason. . . . Detective Gibbons of the North Little Rock Police found a 9-millimeter bullet in Williams's bedroom closet and a spent shell casing nearby.

"The jury returned guilty verdicts on both counts -- Count 1, for possession of the .45-caliber pistol that Officer Kuykendall retrieved, and Count 2, for possession of the 9-millimeter ammunition found in Williams's closet."

Ample evidence supports a finding that Eason's firearm possession conviction resulted from his shooting at people in a domestic situation, and his ammunition possession conviction involved shooting at Hiawatha Williams while Williams's back was turned. It is irrelevant what state court charges were filed as a result of these incidents. The question is whether Eason could have been charged with a crime of violence for this violent conduct. The answer is obvious, as our prior cases upholding the enhancement when a defendant's firearm possession offense involved a shooting or an attempted use of physical force make clear. See Daniels, 625 F.3d at 534; United States v. Jones, 485 Fed. App'x 848, 850 (8th Cir. 2012); cf. Pate, 854 F.3d at 451-52 (§ 2K2.1(b)(6)(B) enhancement). There was no plain error.

For these reasons, we affirm.

_____