United States Court of Appeals
For the Eighth Circuit

_____

No. 22-2905
_____

United States of America,

*Plaintiff - Appellee*,

v.

Cecil Samuel Parker, Jr.,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 18, 2023
Filed: December 18, 2023
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Cecil Parker, Jr., pleaded guilty to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court[*] determined that Parker was subject to

_____

[*]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

an enhanced sentence under the Armed Career Criminal Act (ACCA) because he had sustained three previous convictions for a violent felony or a serious drug offense, or both. *See id.* § 924(e)(1). The court sentenced Parker to the statutory minimum term of 180 months' imprisonment. Without the sentencing enhancement for an armed career criminal, the statutory maximum penalty would have been 180 months' imprisonment, *id.* § 924(a)(8), but Parker's advisory guideline range would have been lower.

Parker argues on appeal that the district court erred in sentencing him as an armed career criminal because the government did not establish that two of his prior offenses qualified as violent felonies. The disputed convictions, both from Arkansas, came in 1995 for battery in the second degree and in 2017 for domestic battering in the third degree. Parker maintains that these offenses do not categorically qualify as violent felonies. Although each statute defines multiple alternative offenses, some of which constitute violent felonies, Parker contends that the government did not show that he was convicted based on elements that meet the standard.

At sentencing, the district court asked defense counsel whether he objected to the recommendation of the presentence report that Parker was an armed career criminal. Counsel stated that he could not "find a good legal basis to challenge the ACCA designation," but lodged an objection "to preserve it for appeal in case the law changes."

The government argues that Parker waived any challenge to his status as an armed career criminal. Parker argues that he made an "inartful" objection that preserved the issue, and that he should prevail under the plain-error standard even if the objection was forfeited. We conclude that even if Parker did not waive the contention, he did not preserve an objection. He acknowledged that the armed career criminal designation applied to him under current law, and objected only "in case the law changes" in the future. To obtain relief under the plain-error standard, Parker

must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

The government moves to supplement the record on appeal with charging documents for Parker's convictions in 1995 and 2017. *See* Fed. R. App. P. 10(e). We ordinarily consider only evidence that was presented in the district court, but this court has authority to supplement the record when the interests of justice demand it. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993). We conclude that supplementation is warranted here. The government had no need to present the charging documents at sentencing, because Parker disclaimed any objection to his classification as an armed career criminal. With Parker disputing the classification for the first time on appeal, the interests of justice support expanding the record to include documents that the government could have presented if Parker had properly objected. Parker does not dispute the authenticity of the charging documents or advance any other reason why they should not be considered in determining whether the district court imposed a lawful sentence.

An offense constitutes a violent felony under the ACCA if it has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). To determine whether an offense qualifies, we are required to use a categorical approach that examines only the elements of the offense. *Mathis v. United States*, 579 U.S. 500, 504 (2016). Where a statute lists elements in the alternative and creates multiple offenses, we may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505-06; *see Shepard v. United States*, 544 U.S. 13, 26 (2005).

Applying this approach to Parker's disputed convictions, we conclude that both offenses qualify as violent felonies. The second-degree battery statute in Arkansas is divisible into multiple offenses. Ark. Code Ann. § 5-13-202(a); *United States v.*

*Rice*, 813 F.3d 704, 705 (8th Cir. 2016). The charging document for Parker's conviction alleged that he "feloniously, with the purpose of causing physical injury to another person . . . did cause serious physical injury" to the victim. To commit that violation, an offender must act purposefully, and it is not possible to cause serious physical injury without using physical force. Parker's offense of conviction thus required the use of physical force against the person of another. *United States v. Myers*, 928 F.3d 763, 767 (8th Cir. 2019); *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017).

The Arkansas statute prohibiting domestic battering in the third degree is also divisible into multiple offenses. Ark. Code Ann. § 5-26-305; *United States v. Eason*, 829 F.3d 633, 642 (8th Cir. 2016). Parker's charging document alleged that he "unlawfully, feloniously, with the purpose of causing physical injury to a family or household member, did cause physical injury to" the victim who was a member of the family or household. Those elements require proof of purposeful conduct causing physical injury. So the crime entails the use of physical force against another, and the offense qualifies as a violent felony. *United States v. Eason*, 907 F.3d 554, 558 (8th Cir. 2018); *United States v. Moore*, 713 F. App'x 511, 514 (8th Cir. 2017) (per curiam); *United States v. Starks*, 674 F. App'x 580, 582 (8th Cir. 2016) (per curiam).

For these reasons, we conclude that Parker had sustained two previous convictions for violent felonies. It is undisputed that he also had sustained a previous conviction for a serious drug offense. Therefore, the district court correctly determined that Parker was an armed career criminal under 18 U.S.C. § 924(e).

The motion to supplement the record is granted. The judgment of the district court is affirmed.

_____