# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3277
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Lovell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: December 17, 2015
Filed: January 29, 2016
_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.
_____

MURPHY, Circuit Judge.

Brandon Lovell pled guilty to possession of a stolen firearm, possession of methamphetamine with intent to distribute, and carrying a firearm during and in relation to a drug trafficking crime. The district court[1] sentenced Lovell to 180

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

months imprisonment as foreseen in his plea agreement. Lovell appeals his sentence, and we affirm.

I.

On December 5, 2012 Lovell impersonated a police officer at the residence of a methamphetamine dealer. Lovell pointed a rifle at the female dealer and told her he was a police officer. When he demanded money and drugs, she complied. Several months later, on January 23, 2013, Lovell returned to the dealer's home, stole drugs and money, hit her in the head with a gun, and then kidnapped her in her own automobile. The woman escaped when Lovell and his accomplice stopped at a different residence. Thereafter, on February 7, 2013, Lovell burglarized another individual's home where he stole at least one firearm.

Lovell was arrested on February 8, 2013. On the same day, law enforcement executed a search warrant at Lovell's residence in Culpepper, Arkansas where he lived with his grandfather. In the home officers recovered firearms, silencers made from oil cans, exploded and unexploded pipe bombs, a bullet proof vest, a green jumpsuit with police patches affixed to it, and a blue light similar to the emergency light used by law enforcement. Lovell and his grandfather both admitted that Lovell had been detonating pipe bombs in the yard of the house.

The government charged Lovell with several crimes related to the armed burglaries he had committed. On March 27, 2014 the parties entered into a written plea agreement in which Lovell agreed to plead guilty to possessing a stolen firearm, possessing methamphetamine with intent to distribute, and carrying a firearm during and in relation to a drug trafficking crime. The remaining counts were dismissed. In the agreement the parties recommended that the district court sentence Lovell to 180 months imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C).

The court held an evidentiary hearing before sentencing Lovell. The court heard testimony from his probation officer and a Bureau of Alcohol, Tobacco, and Firearms special agent who was familiar with Lovell's criminal activity. After receiving testimony, the court concluded that the guideline range was 60 to 71 months for possession of a firearm and possession of methamphetamine with intent to distribute, plus an additional 60 month minimum for carrying a firearm during and in relation to a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A)(i). The district court noted that Lovell's criminal history and guideline range calculation "actually understate[d] the seriousness" of his offenses. The court then sentenced Lovell to a total of 180 months imprisonment, 120 months for possessing a firearm and for possessing methamphetamine with the intent to distribute, with a consecutive 60 months for carrying a firearm during and in relation to a drug trafficking crime. Lovell appeals his sentence.

II.

Lovell claims that the court's sentence was substantively unreasonable. We have stated, however, that "[a] defendant who explicitly and voluntarily exposes himself to a specific sentence [in a plea agreement] may not challenge that punishment on appeal." United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). Here, the record shows that Lovell stipulated to a 180 month sentence in his plea agreement. Although the guideline range for the three crimes to which Lovell pled guilty was less than 180 months, Lovell nonetheless benefited from his plea agreement because in it the government agreed to dismiss the remaining counts of the indictment. Lovell accepted the benefit of the plea agreement, explicitly and voluntarily exposing himself to a sentence of 180 months. See United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006).

Moreover, Lovell's sentence is not unreasonable. Absent reversible procedural error, a district court abuses its discretion in sentencing if it "(1) fails to consider a

relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). The record shows that the district court imposed Lovell's sentence after considering all of the 18 U.S.C. § 3553(a) factors. It appears that one of the most significant factors in the court's sentencing decision was the "nature and circumstances" of Lovell's offenses. The court described Lovell's conduct as "really terrifying" and "really serious." It was within the court's discretion to give "greater weight to the nature and circumstances of the offense than to other § 3553(a) factors." United States v. Hummingbird, 743 F.3d 636, 638 (8th Cir. 2014). Nothing in the record demonstrates that the district court failed to consider a relevant factor, gave improper weight to an irrelevant factor, or committed a clear error of judgment in weighing the appropriate factors. We conclude that Lovell's sentence was not unreasonable.

We deny Lovell's motion requesting new counsel and raising new legal issues. He claims ineffective assistance of counsel and argues that his sentence violates the Double Jeopardy Clause. Lovell did not raise either issue below, and neither ineffective assistance nor double jeopardy is evident in the record before us. Rather than attempting to raise an ineffective assistance claim on direct appeal, Lovell may properly initiate it in a 28 U.S.C. § 2255 motion in the district court. See United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004).

For these reasons we affirm Lovell's sentence and deny his pending motion.

_____