# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3739

_____

United States of America,

*Plaintiff - Appellee,*

v.

John Gary Winston,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 19, 2016
Filed: January 10, 2017

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

John Gary Winston pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Under the Armed Career Criminal Act, a defendant with three or more prior convictions for a serious drug offense or violent felony is subject to a statutory minimum of 15 years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). At sentencing, the

district court[1] determined that Winston had sustained four qualifying prior felony convictions—one serious drug offense and three violent felonies. Winston acknowledges two qualifying prior convictions, but he argues on appeal that his Arkansas convictions for second-degree battery and first-degree terroristic threatening are not violent felonies under the statute.

The term "violent felony" means, among other things, "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The "physical force" required is "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

To determine whether a crime of conviction is a violent felony under this subsection, we apply a "categorical approach" and determine whether the elements of the crime of conviction necessarily require the use, attempted use, or threatened use of physical force. *See United States v. Lindsey*, 827 F.3d 733, 738-39 (8th Cir. 2016). If the statute of conviction defines more than one crime by listing alternative elements, we apply a "modified categorical approach" to determine which of the alternatives was the offense of conviction. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The court may consider a limited class of documents in the judicial record, including the charging document, written plea agreement, and plea colloquy transcript, to make the determination. *Shepard v. United States*, 544 U.S. 13, 26 (2005). The district court applied the modified categorical approach and concluded that both disputed convictions qualified as violent felonies.

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Winston argues that the district court erred because neither statute defining the two offenses of conviction requires the use, attempted use, or threatened use of physical force against the person of another. Because Winston acknowledges two qualifying prior convictions, the government need only establish that one of the other two also counts. We conclude that the battery offense qualifies and need not address the conviction for terroristic threatening.

The Arkansas second-degree battery statute under which Winston was convicted includes four alternative offenses.[2] Winston's charging document shows adequately that he was convicted under the second alternative: "A person commits battery in the second degree if . . . [w]ith the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon other than a firearm." Ark. Code Ann. § 5-13-202(a)(2) (1997). Although the charging document mistakenly referred at one point to "Battery in the First Degree," the cover sheet and the summary of the charge referred to "Battery in the Second Degree," and Winston concedes that he was convicted of the second-degree offense. The charging document alleged that Winston acted with "the purpose of causing physical injury" by means of a "deadly weapon," and subsection (a)(2) is the only

---

[2]The statute provided as follows:
(a) A person commits battery in the second degree if:
> (1) With the purpose of causing physical injury to another person, he causes serious physical injury to any person;
> (2) With the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon other than a firearm;
> (3) He recklessly causes serious physical injury to another person by means of a deadly weapon; or
> (4) He intentionally or knowingly without legal justification causes physical injury to one he knows to be: [a member of one of the listed protected classes].

Ark. Code Ann. § 5-13-202(a) (1997).

provision that pairs those two elements. The charge did omit the statutory phrase "other than a firearm" after "deadly weapon," but the allegation still would have satisfied subsection (a)(2) as long as the proof involved a weapon other than a firearm. The charge that Winston caused physical injury with the purpose of causing physical injury points to subsection (a)(2). We discern no error in the district court's conclusion on this point.

Winston contends, however, that physical injury is not the equivalent of physical force, and that a defendant might cause physical injury without using physical force. For this reason, Winston asserts that the battery offense does not contain the necessary element that he used physical force. We reject Winston's position for the reasons given by Justice Scalia's concurring opinion in *United States v. Castleman*, 134 S. Ct. 1405 (2014): "[P]hysical force" means force "capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140, and "it is impossible to cause bodily injury without using force 'capable of' producing that result." 134 S. Ct. at 1416-17 (Scalia, J., concurring). "Physical force" is "force exerted by and through concrete bodies," as opposed to "intellectual force or emotional force," *Johnson*, 559 U.S. at 138, and it need not be applied directly to the body of the victim. Hypothetical scenarios involving no physical contact by the perpetrator (luring a victim to drink poison or infecting a victim with a disease) do not avoid coverage under § 924(e)(2)(B)(i). *See Castleman*, 134 S. Ct. at 1414-15 (opinion of the Court). Winston's effort to show daylight between physical injury and physical force is therefore unsuccessful. *See United States v. Vinton*, 631 F.3d 476, 485-86 (8th Cir. 2011). The district court properly counted the battery conviction as a violent felony.

For these reasons, the district court did not err in concluding that Winston had been convicted of at least three violent felonies or serious drug offenses, and that he

was subject to enhanced punishment as an armed career criminal.  The judgment of the district court is affirmed.

_____