# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1017
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Minnis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 22, 2017
Filed: October 6, 2017

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Antonio Minnis pled guilty to possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(i).  Finding Minnis a career

offender under U.S.S.G. § 4B1.1, the district court[1] sentenced him to 188 months' imprisonment.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Minnis argues he is not a career offender, claiming his prior conviction for attempted first-degree assault is not a crime of violence.  *See* **§ 565.050 RSMo**.  This court reviews de novo whether a prior conviction is a crime of violence.  ***United States v. Harrison***, 809 F.3d 420, 425 (8th Cir. 2015).

Under U.S.S.G. § 4B1.1(a), "a defendant is a career offender if":

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." **U.S.S.G. § 4B1.2(a)(1)**.  A "crime of violence" includes "attempting to commit such offenses." **U.S.S.G. § 4B1.2 cmt. n. 1**.  "To determine whether a prior conviction was for a crime of violence," this court applies "a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction." ***United States v. Rice***, 813 F.3d 704, 705 (8th Cir. 2016) (citation omitted).  A conviction may be a crime of violence "only if the statute's elements are the same as, or narrower than, those of the generic offense." ***Descamps v. United States***, 133 S. Ct. 2276, 2281 (2013).  *See **United***

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

*States v. Vinton*, 631 F.3d 476, 484 (8th Cir. 2011) ("To determine whether a previous conviction is a crime of violence under § 4B1.2(a), we often have looked to the case law interpreting 18 U.S.C. § 924(e)(2)(B), a provision of the Armed Career Criminal Act (ACCA) that defines the term 'violent felony' using similar language.").

Relying on *State v. Lammers*, 479 S.W.3d 624, 636 (Mo. banc 2016), Minnis believes: "The elements of attempted first degree assault in Missouri are unmistakably broader than the generic crime." In Missouri, "attempt" is "a substantial step towards commission of the offense." *State v. Whalen*, 49 S.W.3d 181, 186 (Mo. banc 2001), *citing State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999). In *Lammers*, the court found sufficient evidence for attempted first-degree assault where the defendant purchased two assault rifles, took target practice, and admitted planning "to carry out a mass shooting, with Walmart in mind as a specific target." *See Lammers*, 479 S.W.3d at 632-33. Minnis relies on the dissenting opinion that argued Lammers's conduct was not a substantial step. *See id*. **at 637** (Teitelman, J., dissenting).

*Lammers* did not modify Missouri's attempt analysis. *See id*. **at 632** ("[T]o be convicted of attempted first-degree assault, Defendant must have . . . committed some act that is a substantial step toward completing that offense. . . . 'Substantial step' is defined as conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." (internal quotation marks omitted) (citing *Whalen*, 49 S.W.3d at 186)). *Lammers*—applying well-established law—did not lower the threshold for proving attempt. *See id.* **at 633-34** ("The trial court did not err in finding *sufficient evidence* that Defendant's conduct constituted a substantial step under section 564.011." (emphasis added)).

The Government invokes *United States v. Alexander*, 809 F.3d 1029 (8th Cir. 2016). There, this court found that Alexander's conviction for second-degree assault under RSMo § 565.060.1(2) was a violent felony under the ACCA. *See id.* **at 1032-33**. Alexander argued that "criminalizing a 'substantial step' is over-inclusive because

it expands beyond the traditional understanding of a generic assault attempt." **Id. at 1033**. This court noted: "We have found no case in which the Missouri Supreme Court has construed attempt under § 565.060(1)(2) in an overinclusive manner." *Id. Lammers*, decided after *Alexander*, does not modify the substantial-step analysis, and thus does not construe attempt in an overinclusive manner. *Alexander* controls here.[2] The elements of attempted first-degree assault under Missouri law are not broader than the generic crime.

Minnis claims that because "Missouri statutes defining first degree attempted assault do not require proof of 'physical force' within the contemplation of § 4B1.2(a)(1)," his prior conviction cannot be a crime of violence. First-degree assault in Missouri requires that a defendant "knowingly causes or attempts to cause serious physical injury to another person." **§ 565.050 RSMo**. Minnis emphasizes hypothetical scenarios, but this court has rejected a similar argument under the ACCA:

> Physical force . . . need not be applied directly to the body of the victim. Hypothetical scenarios involving no physical contact by the perpetrator (luring a victim to drink poison or infecting a victim with a disease) do not avoid coverage under § 924(e)(2)(B)(i).

*United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017), *citing **United States v. Castleman***, 134 S. Ct. 1405, 1414-15 (2014). Because Minnis's prior conviction for

---

[2]In a rule 28(j) letter, Minnis asserts that *United States v. Fields*, 863 F.3d 1012 (8th Cir. 2017) "undermines the authority that the government assigns to *Alexander*." This assertion has no merit. The defendant in *Fields* was convicted under RSMo § 565.060.1(3)—"[r]ecklessly causes serious physical injury to another person"—not § 565.060.1(2)—"[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument." *Fields* does not cite *Alexander*, nor does it discuss or modify Missouri's attempt or substantial step analysis.

attempted first-degree assault is a crime of violence, the district court properly found that he is a career offender under U.S.S.G. § 4B1.1.

*  *  *  *  *  *  *

The judgment of the district court is affirmed.

_____