# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2627

———————————————

United States of America

*Plaintiff - Appellee*

v.

Melvin Pryor

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: May 13, 2019
Filed: June 26, 2019

——————————

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

——————————

BEAM, Circuit Judge.

In October 2014, Melvin Pryor pleaded guilty to a single-count indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In the presentence investigation report, the probation officer concluded that Pryor was an Armed Career Criminal (ACC) based on the existence of at least three prior convictions for a violent felony or serious drug offense, or both, and thus suggested

that the district court[1] enhance Pryor's Guidelines sentence accordingly. Pryor argued that although our circuit law dictates otherwise, certain of his prior convictions should not qualify as "violent felonies" under the Armed Career Criminal Act (ACCA), and the legal matter should be revisited by the en banc court. The district court, applying circuit precedent, sentenced Pryor as an ACC (18 U.S.C. § 924(e)(1)) to the statutory minimum term of 180 months imprisonment, followed by three years of supervised release.

When a defendant has three prior convictions "for a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1) imposes a mandatory minimum sentence of fifteen years. Relevant here, a violent felony is a crime punishable by imprisonment for at least one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i). When determining whether a crime qualifies as a violent felony, we are generally limited to examining only the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented, rather than the underlying facts of the crime committed. Shepard v. United States, 544 U.S. 13, 26 (2005); United States v. Pulliam, 566 F.3d 784, 788 (8th Cir. 2009). "This court reviews de novo whether a prior conviction is a crime of violence." United States v. Minnis, 872 F.3d 889, 891 (8th Cir. 2017), cert. denied, 138 S. Ct. 1581 (2018).

On appeal Pryor challenges the application of the ACCA at his sentencing, particularly challenging the inclusion of two of his Missouri convictions as violent felonies for purposes of the enhancement–his Missouri conviction for the offense of

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

unlawful use of a weapon, Mo. Rev. Stat. § 571.030.1(4);[2] and his Missouri conviction for first-degree assault, Mo. Rev. Stat. § 565.050.1.[3] This panel's response to each of Pryor's arguments is dictated by circuit precedent but Pryor advances his claims in hopes of en banc review of these settled analyses.

As to the unlawful use of a weapon offense, this court has plainly held that "Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony in § 924(e)(2)(B)(i), because it involves the use, attempted use, or threatened use of physical force against the person of another." Pulliam, 566 F.3d at 788 (quotation omitted). "It goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force against another person." Id. Pryor argues that although Pulliam is binding precedent, and has been reaffirmed recently in United States v. Hudson, 851 F.3d 807, 809-10 (8th Cir. 2017), and United States v. Swopes, 892 F.3d 961, 962 (8th Cir. 2018), cert. denied, 139 S. Ct. 1546 (2019), en banc review is necessary because this court has not adequately considered Missouri's own interpretation of this statute.

---

[2]Under Missouri law a person commits the crime of unlawful use of a weapon if he knowingly "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4).

[3]Under Missouri law relevant at the time of Pryor's offense:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Mo. Rev. Stat. § 565.050 (2000).

-3-

Essentially he claims that as interpreted by the state courts, the Missouri statute falls short of the requirement that it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i). However, even with the factual scenarios he posits (including, for example, the mental state required, and to whom or at what the exhibiting must be directed), Pryor has not identified any pertinent developments in Missouri law after 2009 that undermine this court's conclusion in Pulliam.  Although Pryor believes our court's cases on the matter were wrongly decided, we are bound by them absent en banc review.  United States v. Eason, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quoting United States v. Anderson, 771 F.3d 1064, 1066-67 (8th Cir. 2014))).

Pryor additionally argues that his Missouri conviction for first-degree assault does not qualify as a predicate offense under the ACCA.  Again, while acknowledging contrary, binding circuit precedent in United States v. Winston, 845 F.3d 876, 878 (8th Cir. 2017), Pryor claims that because the Missouri statute can be satisfied by mere causation of serious injury, which may be accomplished by use of non-violent force such as poisoning, it does not necessarily require the use of "violent" force against another person as contemplated by the ACCA (i.e., that the Missouri statute criminalizes conduct that is broader than the necessary violent force contemplated by the ACCA).  He argues this particular matter was not adequately addressed in Winston and remains ripe for review en banc.  However, this court recently reviewed the matter in Minnis.  In Minnis, we affirmed the analysis in Winston, which likewise cited guidance from United States v. Castleman, 134 S. Ct. 1405, 1414-15 (2014), and held that "[p]hysical force . . . need not be applied directly to the body of the victim. Hypothetical scenarios involving no physical contact by the perpetrator (luring a victim to drink poison or infecting a victim with a disease) do not avoid coverage under § 924(e)(2)(B)(i)."  Minnis, 872 F.3d at 892 (quoting Winston, 845 F.3d at 878)

(second alteration in original).  Absent en banc review, this court is bound by <u>Winston</u> and <u>Minnis</u>.  <u>Eason</u>, 829 F.3d at 641.

The judgment of the district court is affirmed.

_____