# United States Court of Appeals
### For the Eighth Circuit
_____

No. 19-3510
_____

Raul Hernandez-Gonzalez, also known as Luis Antonio Ortiz-Sampoll

*Petitioner*

v.

William P. Barr

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 25, 2020
Filed: June 30, 2020
[Unpublished]
_____

Before ERICKSON, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Raul Hernandez-Gonzalez, a citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his second motion to reopen, which he filed nearly nine years after the BIA's final removal order in 2010. Hernandez-Gonzalez argues that reopening was warranted based on his counsel's

ineffectiveness and the Supreme Court's intervening decision in <u>Pereira v. Sessions</u>, 138 S. Ct. 2105 (2018).

Hernandez-Gonzalez does not contest, and the BIA correctly concluded, that his motion was untimely and numerically barred. <u>See</u> 8 U.S.C. § 1229a(c)(7)(A) (alien may file one motion to reopen), (c)(7)(C)(i); <u>see also</u> <u>Mshihiri v. Holder</u>, 753 F.3d 785, 789 (8th Cir. 2014) (BIA's denial of a motion to reopen is reviewed for abuse of discretion). Assuming both the time and numerical limits could be equitably tolled, <u>see</u> <u>Mata v. Lynch</u>, 576 U.S. 143, 149 n.3 (2015) (expressing no opinion on whether the immigration statutes allow the BIA to equitably toll the time period); <u>Mwangi v. Barr</u>, 934 F.3d 818, 821 (8th Cir. 2019); <u>Habchy v. Gonzales</u>, 471 F.3d 858, 864 (8th Cir. 2006), we discern no error in the BIA's conclusion that Hernandez-Gonzalez failed to exercise due diligence when he waited for years to pursue his ineffective-assistance-of-counsel claims, <u>see</u> <u>Capiz-Fabian v. Barr</u>, 933 F.3d 1015, 1018 (8th Cir. 2019). In addition, we are bound by this court's precedent, which forecloses Hernandez-Gonzalez's argument that tolling is warranted because the agency lacked jurisdiction under <u>Pereira</u> due to a defective notice to appear. <u>See</u> <u>Ali v. Barr</u>, 924 F.3d 983 (8th Cir. 2019); <u>United States v. Pryor</u>, 927 F.3d 1042, 1044-45 (8th Cir. 2019). Without reaching the merits of whether Hernandez-Gonzalez became eligible for cancellation of removal, we further conclude that he offered no persuasive reason why he could not have pursued his <u>Pereira</u>-based arguments earlier in his proceedings. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 622-23 (1998); <u>Plaza-Ramirez v. Barr</u>, No. 19-2122, 2020 WL 2529407, at *2 (7th Cir. May 18, 2020).

We lack jurisdiction to review the BIA's decision declining to exercise its regulatory authority to reopen Hernandez-Gonzalez's removal proceedings sua sponte, <u>see</u> <u>Tamenut v. Mukasey</u>, 521 F.3d 1000, 1001, 1004-05 (8th Cir. 2008) (en banc) (per curiam); <u>see also</u> <u>Chong Toua Vue v. Barr</u>, 953 F.3d 1054, 1057 (8th Cir. 2020), and we agree with the BIA that Hernandez-Gonzalez did not show his due

process rights were violated. The record demonstrates he suffered no prejudice from any purported lack of notice because he appeared before the immigration judge and received a full and fair hearing. See Ramirez v. Sessions, 902 F.3d 764, 772 (8th Cir. 2018) (standard of review); see also Alonso v. Att'y Gen., 806 Fed. Appx. 791 (11th Cir. 2020) (unpublished per curiam). Moreover, Hernandez-Gonzalez had neither a right to effective counsel in removal proceedings, see Rafiyev v. Mukasey, 536 F.3d 853, 860-61 (8th Cir. 2008), nor a constitutionally protected liberty or property interest in the discretionary relief of cancellation of removal, see Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 441 (8th Cir. 2008).

The petition for review is denied. See 8th Cir. R. 47B.

_____