# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-2234
_____

United States of America

*Plaintiff - Appellee*

v.

Seneca Harrison

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 15, 2020
Filed: September 10, 2020
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Judges should not participate in plea negotiations. *See* Fed. R. Crim. P. 11(c)(1). Despite this deeply engrained rule, the district court suggested in the face of a plea offer that Seneca Harrison would "probably" get a more lenient sentence if he went to trial. Circumstances did not turn out the way the court predicted, and it looked like Harrison was on his way to spending more time in prison because of it. We vacate his sentence and remand for resentencing before a different judge.

## I.

The loud exhaust of Harrison's silver GMC Yukon caught the attention of a police officer late one night.  The officer followed Harrison for four or five miles in his patrol car.  He pulled him over after he saw the Yukon, in short succession, cross the centerline, exceed the speed limit, and accelerate through an intersection.  There was a reason for Harrison's erratic driving that night: he had been drinking.

Harrison's night only went downhill from there after another officer peered through the vehicle's windows with a flashlight and saw a shotgun with a scratched-out serial number sitting between the driver's seat and center console.  With charges of careless and impaired driving already on the table, recovery of the shotgun added one more, a federal felon-in-possession charge.

Fast forward several months and the government offered Harrison a deal.  In exchange for his guilty plea on the felon-in-possession charge, both sides would argue for a sentence between 70 and 87 months, the recommended Guidelines range. But Harrison wanted less time, and when the government did not offer anything better, he complained to the district court about his lawyer's performance.

At first, the district court just inquired about the terms of the plea deal.  Upon hearing that a Guidelines-range sentence was all that the government was offering, however, the court jumped in with its own opinion: "[t]hat's *probably worse than if he got convicted*, right?  I mean, because if he gets convicted, he can argue for less, right?"  (Emphasis added).  The prosecutor then pointed out that "the government [could also] argue for more."

Shortly thereafter, the district court excused the prosecutor from the courtroom.  The court then turned to Harrison and said that the federal (as opposed to the state) system "sucks" and is "really harsh."  Not done yet, it offered even more

-2-

advice. Pleading guilty, it said, would mean that he would be sentenced by another, less lenient judge. But if he decided to go to trial, the other judge would be out of the picture.

Harrison took the hint and opted for trial. The district court convicted him after a short bench trial and sentenced him to 92 months in prison, at the bottom of the new Guidelines range, but higher than what the government agreed to recommend in the plea deal. Why the difference? Harrison missed out on acceptance-of-responsibility points. *See* U.S.S.G. § 3E1.1 cmt. n.2 (explaining that "a defendant who puts the government to its burden of proof at trial" is ordinarily not entitled to an acceptance-of-responsibility reduction).

## II.

Harrison blames the district court for his predicament. He argues that, absent the court's advice, he likely would have accepted the government's offer and received a lighter sentence. By commenting on a pending plea deal, Harrison says, the court violated the cardinal rule that it "must not participate in these discussions." Fed. R. Crim. P. 11(c)(1).

Our review is for plain error, because Harrison never objected to the district court's comments. *United States v. Thompson*, 770 F.3d 689, 694 (8th Cir. 2014). Under this standard, relief is available only if (1) there was an error; (2) the error was plain; and (3) it affected his substantial rights. *See id.*; *see also United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (describing plain-error review). Even then, we may exercise our discretion to correct the error only if it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Pirani*, 406 F.3d at 550 (quotation marks omitted).

-3-

We can check off the first two plain-error requirements. The government concedes that the district court plainly crossed the line as soon as it suggested, with a plea deal still on the table, that Harrison could do better if he went to trial. *See* Fed. R. Crim. P. 11(c)(1); *United States v. Washington*, 109 F.3d 459, 463 (8th Cir. 1997) (explaining that this prohibition is a bright-line rule).

The tougher call is whether Harrison has shown prejudice at the third step. *See Pirani*, 406 F.3d at 551. There must be "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (alteration in original) (quotation marks omitted). A "reasonable probability" is one that "is sufficient to undermine confidence in the outcome of the proceeding." *Id.* at 83 (quotation marks omitted).

We cannot know for certain what Harrison would have done if the district court had stayed out of the plea negotiations. But based on this record, there is "a reasonable probability" that he would have done something "different." *Id.* at 82 (quotation marks omitted). After all, he declared at the beginning of the hearing that "we can, like, get this out of the way, like, right now today" because he did not "even [want to] go to trial." And he had good reason: the government's offer was not going to get any better, and he faced a range of 70–87 months in prison if he accepted the deal and 92–115 months if he did not. *Cf. Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (explaining that application of an incorrect Guidelines range "can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error").

The fourth step is less complicated. We have no doubt that the court was trying to help, but it was not its job to advise Harrison, and its comments were inappropriate. Commenting on the sentencing practices of another judge and making disparaging remarks about the federal system harms the "public reputation of judicial proceedings." Furthermore, taking the court's advice exposed Harrison to a

-4-

higher sentencing range, which raises serious questions about "fairness." Indeed, the government does not contend otherwise.

## III.

The other tough call is the remedy. Although it is difficult to unwind the error, our task is clear: "neutralize the taint." *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (quotation marks omitted) (describing what is required to remedy ineffective assistance of counsel at the plea-bargaining stage). At the same time, we cannot "grant a windfall to the defendant or needlessly squander the considerable resources the [government] properly invested in the criminal prosecution." *Id.* (citation omitted).

Under the circumstances, the remedy that best balances these competing objectives is vacating Harrison's sentence and remanding for resentencing before a different judge.[1] *See United States v. Rogers*, 448 F.3d 1033, 1035 (8th Cir. 2006) (reassigning a case for resentencing); *see also United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996) (reassigning a case on remand to avoid "the risk of a *perception* of judicial bias or partiality" (emphasis added)). Even though the conviction itself is not in question, Harrison ended up losing acceptance-of-responsibility points by going to trial, so neutralizing the taint requires resentencing. On remand, in addition to the usual factors, *see* 18 U.S.C. § 3553(a), the court can consider the procedural history of the case, including the likelihood that Harrison would have pleaded guilty

---

[1]The government argues that Harrison is not entitled to a remedy because he agreed to be sentenced by the same judge who participated in the plea negotiations. *See Washington*, 109 F.3d at 463. But the defendant's claim in *Washington* was that the district court was biased after participating in plea negotiations, *id.*, not that persuading him to go to trial led to a higher Guidelines range. Neutralizing the taint in these two situations involves different considerations.

without the error and what his sentence might have been had he done so.[2]  *Cf.* U.S.S.G. § 3E1.1 cmt. n.2 (explaining that, "[i]n rare situations," even "a defendant who puts the government to its burden of proof at trial" may still qualify for an acceptance-of-responsibility reduction).

## IV.

We accordingly vacate Harrison's sentence and remand for resentencing before a different judge.

_____

[2]In light of our decision to vacate Harrison's sentence, we need not address the other issue he raises on appeal: whether a conviction of unlawful use of a weapon (exhibiting), Mo. Rev. Stat. § 571.030.1(4), qualifies as a crime of violence under the Sentencing Guidelines.  *See* U.S.S.G. § 4B1.2.