# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1340
_____

United States of America

*Plaintiff - Appellee*

v.

Seneca Harrison

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 19, 2022
Filed: October 17, 2022
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Seneca Harrison knowingly exhibited a handgun in an angry or threatening manner in the presence of one or more persons in 2008. He was thereafter convicted of unlawful use of a weapon – exhibiting, in violation of Mo. Rev. Stat. § 571.030.1(4).

Following failed plea negotiations and a bench trial, Harrison was convicted in 2018 of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 92 months' imprisonment. On appeal, we concluded that the district court had committed plain error by participating in the plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1). We vacated Harrison's sentence and remanded the matter with instructions that it be assigned to a different judge. United States v. Harrison, 974 F.3d 880, 883 (8th Cir. 2020). We issued the following instructions:

> On remand, in addition to the usual factors, *see* 18 U.S.C. § 3553(a), the court can consider the procedural history of the case, including the likelihood that Harrison would have pleaded guilty without the error and what his sentence might have been had he done so. *Cf.* U.S.S.G. § 3E1.1 cmt. n.2 (explaining that, "[i]n rare situations," even "a defendant who puts the government to its burden of proof at trial" may still qualify for an acceptance-of-responsibility reduction).

Id.

The newly assigned district judge[1] calculated Harrison's advisory sentencing range under the U.S. Sentencing Guidelines. The court determined that his base offense level was 20 because his 2008 Missouri offense constituted a "crime of violence." See U.S.S.G. § 2K2.1(a)(4)(A). It also denied any offense-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. With a total offense level of 24 and a criminal history category of V, Harrison's Guidelines sentencing range was 92 to 115 months' imprisonment. The district court varied downward and sentenced Harrison to 87 months' imprisonment.

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

In this second appeal, Harrison argues that the district court erred in determining his base offense level. He claims that his Missouri offense is not a "crime of violence." In United States v. Pulliam, we held that "Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony in § 924(e)(2)(B)(i), because it involves the use, attempted use, or threatened use of physical force against the person of another." 566 F.3d 784, 788 (8th Cir. 2009). We later upheld a determination that, under Pulliam, Mo. Rev. Stat. § 571.030.1(4) qualified as a "crime of violence" under the Guidelines's force clause. United States v. Hudson, 851 F.3d 807, 810 (8th Cir. 2017).

Harrison acknowledges that Pulliam is binding precedent, but argues that en banc review is necessary because we have not adequately considered Missouri's interpretation of Mo. Rev. Stat. § 571.030.1(4). This argument has been raised in earlier cases, and, as then, Harrison "has not identified any pertinent developments in Missouri law after 2009 that undermine this court's conclusion in Pulliam." See United States v. Pryor, 927 F.3d 1042, 1044 (8th Cir. 2019). We are therefore bound by our prior decisions absent en banc review. Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)).

In his reply brief, Harrison argues that Pulliam is no longer good law in light of Borden v. United States, 141 S. Ct. 1817 (2021). We considered this argument in United States v. Larry, No. 21-3237 (8th Cir. Oct. 17, 2022), another decision filed today. Larry concluded that Pulliam remains binding precedent because "Borden holds only that the force clause categorically excludes offenses that can be committed recklessly." Id., slip op. at 4. We likewise reject Harrison's Borden argument.

Harrison next argues that the district court erred in denying him an offense-level reduction for acceptance of responsibility. He asserts that the court wrongly believed it was without authority to grant the reduction because Harrison proceeded

to a bench trial and did not plead guilty.  We are confident that the district court understood its authority to grant a reduction in light of the Guidelines commentary, U.S.S.G. § 3E1.1 cmt. n.2, our instructions that quote that commentary, <u>Harrison</u>, 974 F.3d at 883, and the arguments at sentencing regarding whether Harrison's pretrial statements and conduct demonstrated acceptance of responsibility despite his decision to go to trial.  The district court's decision to deny an acceptance-of-responsibility reduction constituted the exercise of its discretionary judgment.

The judgment is affirmed.

_____