# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-1121

———————————————

United States of America

*Plaintiff - Appellee*

v.

Alexander Irwin

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

—————————

Submitted: September 19, 2022
Filed: October 19, 2022
[Unpublished]

—————————

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

—————————

PER CURIAM.

Alexander Irwin pled guilty to possessing a firearm as a felon, and the district court[1] sentenced him to 72 months imprisonment, followed by 3 years of supervised

———————————

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

release. Irwin appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Law enforcement responded to a call reporting a fight in progress at a St. Louis County gas station. Upon arrival, officers observed Irwin and another individual in a physical altercation in the gas station parking lot. Irwin fled the scene and the officers pursued, ordering Irwin to stop. The chase ended only after an officer tased Irwin. Officers found a firearm on Irwin's person, containing 11 rounds of ammunition in the magazine and a round in the chamber. Officers found an additional firearm with a defaced serial number on the ground near Irwin.

Pursuant to a written plea agreement, Irwin pled guilty to one count of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Irwin's Presentence Investigation Report (the PSR), prepared by the United States Probation Office, listed Irwin's base offense level as 20, pursuant to United States Sentencing Guidelines (USSG) § 2K2.1(a)(4)(A), which applies to defendants who have previously sustained a felony conviction for a crime of violence or a controlled substance offense. The PSR also included a 4-level enhancement pursuant to USSG § 2K2.1(b)(4)(B) for the presence of the defaced firearm and a 3-level reduction pursuant to USSG § 3E1.1(b) for Irwin's acceptance of responsibility, resulting in a total offense level of 21. The PSR listed Irwin's criminal history category as VI, resulting in a Guidelines range of 77-96 months imprisonment. Irwin objected only to the inclusion of the 4-level enhancement for the defaced firearm and the related facts contained in the PSR. Irwin argued in his objection that his correct total offense level should be 17, resulting in a Guidelines range of 51-63 months imprisonment. The amended plea agreement and amended PSR reflect such changes, which mooted Irwin's objections. The amended plea agreement includes a joint recommendation of 60 months imprisonment.

At Irwin's sentencing hearing, the district court asked whether either party objected to the total offense level of 17 or the criminal history category of VI or otherwise had any further objections to the PSR. Neither party objected, and the

district court adopted the Guidelines calculations and the PSR accordingly. After reviewing the record, the original plea agreement, the amended plea agreement, the PSR, the Guidelines, and the sentencing factors under 18 U.S.C. § 3553(a), the district court found that an upward variance was appropriate given that the Guidelines inadequately accounted for "the particular dangers of [Irwin's] conduct . . . , fighting at a gas station while in proximity of a weapon and possessing it immediately or shortly thereafter, and [Irwin's] extensive and intensive frequent criminal history involving violent use of firearms." Ultimately, the district court sentenced Irwin to 72 months imprisonment, followed by 3 years of supervised release.

On appeal, Irwin first argues that the district court erred in calculating his base offense level because his prior felony conviction no longer qualifies as a crime of violence for purposes of USSG § 2K2.1(a)(4)(A). Because Irwin agreed to the proposed base offense level and respective Guidelines range, the Government argues that Irwin waived this objection; Irwin argues that such failure to object to the proposed base offense level was inadvertent and that we should accordingly review for plain error. See United States v. Bailey, 37 F.4th 467, 470 (8th Cir. 2022). We need not decide whether Irwin affirmatively waived this objection because we conclude that his argument fails even under plain error review. "Plain error occurs when there is '(1) an error, (2) that is plain, and (3) that affects [the defendant's] substantial rights.'" Id. (alteration in original) (citation omitted). Specifically, Irwin contends that his prior felony conviction for unlawful use of weapons, in violation of Mo. Rev. Stat. § 571.030.1(4), no longer qualifies as a crime of violence in light of Borden v. United States, 141 S. Ct. 1817, 1834 (2021). Between the plurality and an opinion concurring in the judgment, Borden held that a crime committed with a mens rea of recklessness was insufficient to satisfy the "violent felony" force clause found in 18 U.S.C. § 924(e). See United States v. Frazier, No. 21-2187, 2022 WL 4114057, at *2 (8th Cir. Sept. 9, 2022). We apply the same rule to the identical "crime of violence" force clause found in the Guidelines. See id.

Here, however, <u>Borden</u> is inapplicable.  Under Missouri law, a person commits the offense of unlawful use of weapons if, in part, "he or she *knowingly* . . . [e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner."  Mo. Rev. Stat. § 571.030.1(4) (emphasis added).  <u>Borden</u> held only that recklessness was insufficient to satisfy the force clause, and knowledge is a more culpable mental state than recklessness.  <u>Borden</u>, 141 S. Ct. at 1823, 1834 (plurality opinion)[2]; <u>see also</u> <u>United States v. Lopez-Castillo</u>, 24 F.4th 1216, 1219 n.2 (8th Cir. 2022).  Because the Missouri statute requires knowledge, <u>Borden</u> does not disturb this Court's previous holdings that a conviction under Mo. Rev. Stat. § 571.030.1(4) is a crime of violence.  <u>See</u> <u>United States v. Pryor</u>, 927 F.3d 1042, 1043-44 (8th Cir. 2019).  Accordingly, the district court did not commit error, much less plain error, in calculating Irwin's base offense level.

Irwin next argues that his sentence is substantively unreasonable.  "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'"  <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).  "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'"  <u>Id.</u> (citation omitted).  Even so, "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."  <u>United States v. Campbell</u>, 986 F.3d 782, 800 (8th Cir. 2021) (alteration in original) (citation omitted).

---

[2]At least the <u>Borden</u> plurality interpreted the force clause to expressly "cover[] purposeful and knowing acts," <u>id.</u> at 1826 (plurality opinion), though the opinion concurring in the judgment did not go as far, <u>see</u> <u>id.</u> at 1835 (Thomas, J., concurring in the judgment).

Here, Irwin contends that the district court abused its discretion by varying upward based upon "the substantial harm and danger that could occur" when young men fight "in the immediate or very near proximity" of weapons "at a gas station with all the flammable fluids there." Irwin argues that this so-called speculation amounts to a "capricious, whimsical, impressionistic [and] ire-driven" assessment of Irwin's conduct. United States v. Burns, 577 F.3d 887, 896 (8th Cir. 2009) (en banc). But a district court is permitted to account for the riskiness of the defendant's conduct and the danger it poses to the community, see United States v. Hubbs, 18 F.4th 570, 573 (8th Cir. 2021) (upholding defendant's sentence when the district court relied upon the "unreasonable danger and risk" associated with defendant driving "his motorcycle at high speed with two loaded firearms" in light of his history with firearms), and "to give 'greater weight to the nature and circumstances of the offense than to other § 3553(a) factors,'" United States v. Lovell, 811 F.3d 1061, 1063 (8th Cir. 2016). Moreover, what Irwin describes as the district court's "speculation" was not the product of sheer imagination but rather an assessment of Irwin's conduct based in part on "his extensive and intensive frequent criminal history involving violent use of firearms." Accordingly, we find that the district court did not abuse its discretion in varying upward based on its reasoned assessment of the nature and circumstances of Irwin's conduct.

For the foregoing reasons, we affirm the judgment of the district court.

_____