# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2836
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Edward Robinson, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 3, 2024
Filed: January 18, 2024
[Unpublished]
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Charles Robinson III appeals after he pleaded guilty to a drug offense and the district court[1] imposed a sentence consistent with his binding Federal Rule of

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Criminal Procedure 11(c)(1)(C) plea agreement. His counsel has requested leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred calculating the base offense level and applying an enhancement under USSG § 2D1.1(b)(1), and that the sentence is substantively unreasonable.

Upon careful review, we conclude that the district court properly calculated the Guidelines range. See United States v. Anderson, 618 F.3d 873, 879 (8th Cir. 2010) (reviewing district court's application of Guidelines de novo, and its factual findings for clear error). As to Robinson's sentence, because he agreed to the particular sentence he received, he may not now challenge it on appeal. See, e.g., United States v. Lovell, 811 F.3d 1061, 1063 (8th Cir. 2016); United States v. Thompson, 289 F.3d 524, 526–27 (8th Cir. 2002) ("On appeal, [a defendant] cannot complain that the district court gave him exactly what his lawyer asked." (citation omitted)). Even assuming he could challenge his sentence, it is not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____