# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3438
_____

United States of America

*Plaintiff - Appellee*

v.

Cecil Jason Robinson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: September 23, 2024
Filed: October 9, 2024
[Unpublished]
_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

After a jury found Cecil Robinson guilty of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), the district court[1] determined that he was an armed

_____

[1] The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

career criminal and sentenced him to 235 months' imprisonment. Robinson challenges the court's conclusion that he was an armed career criminal. We affirm.

The Armed Career Criminal Act, or ACCA, subjects convicted felons who possessed a firearm to a fifteen-year minimum prison sentence if they have had three or more previous convictions for violent felonies that were "committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1). Robinson had four relevant convictions under Missouri law—two for second-degree robbery, *see* Mo. Rev. Stat. § 569.030 (2013) (now codified at Mo. Rev. Stat. § 570.025), and two for unlawful use of a weapon, *see* Mo. Rev. Stat. § 571.030.1(4). We have held in previous cases that second-degree robbery, *see United States v. Swopes*, 886 F.3d 668, 672 (8th Cir. 2018) (en banc), and unlawful use of a weapon under § 571.030.1(4), *see United States v. Pryor*, 927 F.3d 1042, 1043–44 (8th Cir. 2019), are violent felonies under the ACCA.

Robinson nonetheless maintains that two of those convictions should really count as only one for purposes of the ACCA because he was arrested for them on the same date and convicted of them on the same date. We have rejected this argument before, *see United States v. Stowell*, 82 F.4th 607, 609 (8th Cir. 2023) (en banc), since the ACCA focuses on when the defendant committed the offenses, not when he was arrested or convicted. *See* 18 U.S.C. § 924(e)(1). In any event, even if Robinson had only three predicate convictions rather than four, he would still qualify as an armed career criminal under the ACCA.

There is some question whether Robinson can be considered an armed career criminal given that the court, rather than a jury, found that he had committed his predicate offenses on different occasions. It is true that the Supreme Court recently held that a jury must resolve the "ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *See Erlinger v. United States*, 144 S. Ct. 1840, 1852 (2024). But any error that the district court committed here was harmless. *See Stowell*, 82 F.4th

at 610. We held in *Stowell* that it was clear beyond a reasonable doubt that "no reasonable juror could find that Stowell committed his offenses on the same occasion, considering they occurred days apart and involved different victims." *See id.* Likewise, Robinson committed his predicate offenses in 1996, 1997, 2013, and 2015 at different locations and against different victims, so we believe that any reasonable jury would have found beyond a reasonable doubt that Robinson committed these offenses on different occasions. *Erlinger* does not cast doubt on *Stowell*'s conclusion that this error can be harmless. *See Erlinger*, 144 S. Ct. at 1860–61 (Roberts, C.J., concurring); *see also United States v. Johnson*, 114 F.4th 913, 917 (7th Cir. 2024).

Robinson adverts without elaborating to two other contentions in his brief. The first challenges the substantive reasonableness of his sentence. Robinson appears to argue that his sentence is substantively unreasonable because the court erroneously determined that he is an armed career criminal. But as we have already said, the court did not err in that determination. Robinson also briefly suggests that the evidence to support his conviction was insufficient, as "he was never found in possession of the firearm" that led to his conviction. But a police officer named Bradley Overton testified that he saw someone open the driver's door to a pickup truck and throw a gun near an interstate ramp. He identified the driver as Robinson. Overton pursued the truck and told another officer where to find the gun. That officer testified that he found the gun where Overton said it would be. Overton also testified that he pursued Robinson until Robinson parked at a mall, and there was no one other than Robinson in the truck. This evidence is manifestly sufficient to support the conviction.

Affirmed. We also deny Robinson's pro se motions to supplement the record and for release from custody.

_____