# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3243
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Franklin Beauvais

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: June 9, 2025
Filed: June 12, 2025
[Unpublished]

_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Christopher Beauvais appeals the sentence the district court[1] imposed after he pled guilty to seven counts of abusive sexual contact pursuant to a written plea

_____

[1]The Honorable Roberto Lange, Chief Judge, United States District Court for the District of South Dakota.

agreement containing an appeal waiver. Pursuant to a joint sentencing recommendation, the district court sentenced Beauvais to, *inter alia*, 15 years' imprisonment. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that this court should decline to enforce the appeal waiver, that the district court applied a higher-than-warranted base offense level, and that the sentence was substantively unreasonable.

Upon careful review, we conclude that the appeal waiver is valid, applicable, and enforceable, and that Beauvais's challenge to the base offense level falls within the appeal waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing *de novo* the validity and applicability of an appeal waiver). The record reflects that Beauvais entered into the plea agreement and appeal waiver knowingly and voluntarily, and enforcing the waiver will not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing the enforceability of appeal waivers).

Regarding Beauvais's challenge to the substantive reasonableness of his sentence, even assuming *arguendo* that this challenge falls outside of the appeal waiver, the challenge necessarily fails because the district court sentenced him in line with the joint sentencing recommendation. *See United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."); *United States v. Lovell*, 811 F.3d 1061, 1063 (8th Cir. 2016) (affirming above-Guidelines sentence to which defendant stipulated in plea agreement).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal in part, based on the appeal waiver, otherwise affirm, and grant counsel's motion to withdraw.

_____